UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINA MARTINEZ,<br>Plaintiff,<br>v.<br>FRANK J. BISIGNANO, COMMISSIONER OF SOCIAL SECURITY,<br>Defendant. | Civil No. 3:25-cv-07554-RS<br>**ORDER REMANDING FOR FURTHER PROCEEDINGS** |

## I. INTRODUCTION

Plaintiff Christina Martinez appeals the decision of the Commissioner of Social Security ("Commissioner") denying her request for supplemental security income ("SSI") under the Social Security Act ("SSA"). An Administrative Law Judge ("ALJ") reviewed Martinez's application and determined she was not disabled and thus not eligible for benefits. Martinez requests vacatur of the ALJ's decision, a finding that she is disabled, and remand for the immediate award of benefits. In the alternative, Martinez seeks a remand for further administrative proceedings. The Commissioner asks for a remand for further administrative proceedings, opposing an immediate award of benefits.[1] Finding that the ALJ did not properly explain his treatment of certain

[1] The Commissioner "respectfully requests that the Court order remand for further administrative proceedings," but later states, presumably erroneously, that he "requests that this Court *reverse* and remand the ALJ's decision for further proceedings." Dkt. No. 23 at 2 (emphasis added). The Commissioner's request is treated as a request for remand for further administrative proceedings.

testimony and medical evidence, the ALJ's decision is vacated, and, since outstanding issues remain in the record, the matter is remanded for further proceedings rather than an immediate award of benefits.

## II. BACKGROUND[2]

Martinez is a thirty-three-year-old Bay Area native who experienced trauma growing up and as an adult (AR 388–89). In 2021, she filed an application for SSI benefits based on claimed physical and mental impairments. Maritnez claims she suffers from substance use disorder; seizure disorder; migraines; gastric bypass; kidney infections; psoriasis; anemia; eating disorder; dumping syndrome; panic disorder; posttraumatic stress disorder ("PTSD"); depression; an unspecified personality disorder; irritability; low energy; panic attacks; and obesity (AR 22–24). She also claims limitations in her ability to remember or apply information; interact with others; concentrate, persist, or maintain pace; adapt or manage herself; and sleep, among others. (AR 23–24).

### A. Psychological Opinion Evidence

Two psychological assessments generally supported Martinez's claims and were conducted by Dr. Nicole Kirsch and Dr. Katherine Wiebe in August 2022 and June 2024, respectively (AR 26–27). Both assessments were done via telephone. Another psychological assessment, conducted by Dr. Deepa Abraham in-person in September 2022, did not.

Dr. Kirsch evaluated Martinez with a series of objective tests used to assess functional abilities and psychological conditions. Dr. Kirsch indicated diagnoses of PTSD and major depressive disorder, among others (AR 784). She reported that Martinez was moderately impaired as to understanding, remembering, and carrying out instructions that were very short and simple and had "marked limitations" when the instructions were more detailed (AR 786). Dr. Kirsch also reported marked limitations with maintaining attention and concentration for two-hour segments, getting along and working well with others, interacting appropriately with the general public,

[2] This synopsis is based on the certified administrative record ("AR").

accepting instruction and feedback from supervisors, and handling changes in routine work settings (AR 786). Finally, Dr. Kirsch noted "extreme limitation[s]" in Maritinez's ability to maintain regular attendance and strict punctuality and to "complete a normal workday and workweek without interruptions" from "psychologically based symptoms" (AR 27).

Two years later, Dr. Wiebe, referred by the Homeless Action Center of Alameda County, examined and evaluated Martinez with objective assessments and came to similar findings. Dr. Wiebe diagnosed Martinez with severe depression and anxiety disorder symptoms, psychiatric and personality disorder symptoms, and PTSD (AR 1029–1030). Dr. Wiebe also reported that Martinez had "marked limitation[s] in [her] ability to understand, remember, and carry out detailed instructions," and she reported marked limitations in Martinez's ability to maintain attention and concentration for two-hour segment; get along and work with others without excessive irritability, sensitivity, argumentativeness, or suspiciousness; complete a normal workday and workweek without interruptions from "psychologically based symptoms"; and maintain regular attendance and strict punctuality (AR 1029–1030).

In September 2022, Dr. Deepa Abraham completed an in-person psychological examination of Martinez (AR 26). Dr. Abraham diagnosed Martinez with alcohol use disorder and persistent depressive disorder (AR 792). He reported that Martinez took no medications and had "no limitation" in her ability to understand and perform simple oral and written instructions; maintain a routine without additional supervision; maintain regular attendance and punctuality; ask questions or request assistance; respond appropriately to changes in a routine work environment; or take precautions regarding normal hazards (AR 26). Dr. Abraham also concluded that Martinez had "moderate limitation" in her ability to work in proximity with others without being distracted; complete a workday/workweek without interruptions from psychological symptoms; accept instructions and respond appropriately to criticism from supervisors; and get along with coworkers without behavioral extremes (AR 26).

**B. Other Medical Opinion Evidence**

Consultative examiner Dr. Rose Lewis completed an internal medicine evaluation of

Martinez in September 2022 (AR 25). She diagnosed Martinez with seizures, per the patient's history, and obesity (AR 799). Dr. Lewis concluded that Martinez could "stand and walk up to six hours… sit without limitations [and] lift and carry, pushing and pulling up to 50 pounds occasionally and 25 pounds frequently" (AR 799). Dr. Lewis also found that Martinez had "no limitations with hearing and speaking" (AR 799).

In October 2022, state agency medical consultant Dr. Shih did not examine Martinez but reviewed the relevant medical evidence (AR 25). Dr. Shih found that Martinez had three impairments, obesity; anxiety and obsessive-compulsive disorder; and depressive, bipolar and related disorders (AR 99). However, he concluded that these impairments were not severe (AR 25). Dr. Shih also noted that his medical opinion is inconsistent with those of Dr. Abraham and Dr. Kirsch (AR 103) (stating that Dr. Abraham's and Dr. Kirsch's opinions "relies hevily on the subjective report of symptoms and limitations provided by the individual, and the totality of the evidence does not support the opinion").

**C. Non-Opinion Medical Evidence**

The record also contained non-opinion medical evidence. This includes emergency department visit notes, medical progress notes, and various hospital notes (AR 389).

**D. SSI Application Denial and Administrative Hearing**

Martinez's application for SSI was denied initially in June 2022 and again upon reconsideration in November 2022 (AR 19). Martinez filed a written request for a hearing in November 2022. *Id*. A telephonic hearing was scheduled for September 2023, but Martinez did not appear. *Id*. After Martinez showed good cause, a supplemental hearing was held by telephone in July 2024, but the recording equipment failed, and the hearing was rescheduled for September 2024. *Id*.

On September 11, 2024, ALJ Enrico Alis held an administrative hearing (AR 57). The ALJ heard testimony from Martinez, who was represented by counsel, and Cathleen Spencer, a vocational expert (AR 57).

**1. Martinez's Testimony**

Martinez testified that she did not graduate from high school and had not worked since 2021 (AR 63–64). She further testified that, although she has a one-year-old son, she only sees him every other day (AR 63). She attested to difficulty getting out of bed, depression, body aches, and lack of motivation "to do anything" to care for the child (AR 63).

Martinez testified that she regularly attends counseling and takes medication, including Lorazepam, for her depression and panic attacks, which can come suddenly and sometimes "back-to-back" (AR 64-66). She testified that she suffers from PTSD due to the abuse and violence she suffered and that she has been diagnosed with bipolar disorder (AR 65, 72). Regarding her depression, Martinez testified that she feels depressed "every day most of her life" and experiences "guilt or worthlessness every day" (AR 67). She cannot concentrate on "things like a TV show" or follow a recipe and has difficulty sleeping (AR 67–68). She said that, she does not get out of bed on most days and stays in her house "throughout the whole week, every day" (AR 68).

Regarding her physical impairments, Martinez testified that she is on medication for back and feet pain (AR 70). She claimed to suffer from migraines, plantar fasciitis, and arthritis (AR 72). She said that she gets migraines "all the time" since seventh grade and "they can last for a day or two sometimes" (AR 70-71). Her back pain is also "constant" (AR 70). She testified that she can only sit for "five, ten minutes" before "[her] body starts to hurt" (AR 71). As for standing and walking, she said that she can only take "a couple of steps" before "[her] feet are throbbing really bad" (AR 71). She does not go for regular therapy (AR 72 ("It's hard for me to get there to an appointment")). Martinez testified that she can sometimes pick up her one-year-old son (AR 72).

**2. Vocational Expert's Testimony**

The vocational expert testified as to whether full-time competitive work could be sustained under certain limitations. In his opinion, failure to remember and perform simple tasks, absences of at least one day a week, inability to accept or respond appropriately to criticisms from supervisors, and the need to be off task twenty percent of the time precludes full-time competitive work (AR 74–75).

United States District Court
Northern District of California

**E. ALJ's Determination**

In November 2024, the ALJ determined that Martinez was not disabled under section 1614(a)(3)(A) of the SSA and denied her application for SSI (AR 29). Following the required five-step inquiry for disability determinations, the ALJ first determined that Martinez had not engaged in substantial gainful activity since filing her application for benefits (AR 20–21). Proceeding to step two, the ALJ considered whether Martinez's claimed impairments were severe and found some were: her substance use disorder, depressive disorder, anxiety disorder, and obesity (AR 22). At step three, however, the ALJ considered whether any of these impairments were equivalent to any of the impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1 and determined they were not (AR 23). The ALJ also determined that Martinez can perform "simple and routine tasks," (AR 24), and has the residual functional capacity ("RFC") to perform medium work, excluding work that includes unprotected heights, operation of a motor vehicle, and climbing ladders, ropes, or scaffolds (AR 24). Step four of the inquiry, considering whether Martinez could perform any of her past relevant work, did not apply because Martinez had no past relevant work (AR 28). At step five, the ALJ considered whether Martinez could perform any other work and concluded, based on Martinez's age, education, work experience, and RFC, there were jobs in the national economy that Martinez could perform (AR 28-29). The ALJ thus held Martinez was not disabled.

The ALJ based his decision on progress notes, treatment records, and some of the relevant medical opinions (AR 23–24). The ALJ found the psychological evaluations by Dr. Kirsch and Dr. Wiebe to be unpersuasive because they were done via telephone and were inconsistent with other in-person evaluations and the underlying treatment record (AR 27). Instead, the ALJ relied on the other medical opinions, finding Dr. Abraham's assessment to be "largely persuasive" (AR 26).

**F. Martinez's Request for Review**

In January 2025, Martinez requested review of the ALJ's decision (AR 418). In July 2025, the Appeals Council denied the request in July 2025 (AR 1), and the ALJ's decision became the

final decision of the Commissioner (AR 17).

**G. This Action**

On September 5, 2025, Martinez commenced this action seeking judicial review of the ALJ's decision and seeking remand for an immediate award of benefits and, in the alternative, remand for further evaluation. Dkt. 18 at 24. Martinez contends that the ALJ erroneously rejected her pain testimony and the representative-procured psychological examinations. The Commissioner argues "further evaluation of the medical opinion evidence and Plaintiff's symptom testimony is necessary." Dkt. No. 23 at 2. The Commissioner seeks a remand for further proceedings to evaluate Martinez's alleged symptoms given the medical opinions that underlie the ALJ decision. *Id*.

## III. LEGAL STANDARD

The SSA authorizes judicial review of final decisions made by the Commissioner. 42 U.S.C. § 405(g). "Th[e] court may set aside the Commissioner's denial of disability insurance benefits [only] when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole." *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999) (citations omitted). In other words, if the ALJ decision is supported by substantial evidence and there is no legal error, the district court must affirm.

Substantial evidence is evidence in the record that could lead a reasonable mind to accept a conclusion regarding disability status. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971). It is "more than a mere scintilla but less than a preponderance." *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995) (per curiam). The court must "consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (citation and quotation marks omitted). If the evidence reasonably could support two conclusions, the court "may not substitute its judgment for that of the Commissioner" and must affirm the decision. *Jamerson v. Chater*, 112 F.3d 1064, 1066 (9th Cir. 1997) (citation omitted). "Finally, the court will not reverse an ALJ's decision for harmless error, which exists when it is clear from the record that the ALJ's error was inconsequential to the

ultimate nondisability determination." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) (citations and quotation marks omitted).

If there is a legal error or a lack of substantial evidence, the SSA permits the district court to affirm, modify, or reverse the ALJ's decision "with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). *See also Garrison v. Colvin*, 759 F.3d 995, 1019 (9th Cir. 2008) (internal citations and quotation marks omitted). "[T]he proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (internal quotations and citations omitted). However, under the credit-as-true rule, the Court may order an immediate award of benefits if three conditions are met: (1) the ALJ failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion, (2) there are no outstanding issues that must be resolved before a disability determination can be made and further administrative proceedings would serve no useful purpose, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled if the rejected evidence were credited. *See id.* at 593. Even if all three criteria are met, the decision to remand for an award of benefits or remand for further proceedings is within the district court's discretion. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1102 (9th Cir. 2014).

**A. SSA Disability Inquiry**

The SSA defines "disability" as the inability to engage "in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(A). A claimant is entitled to disability benefits only if he proves he is disabled. 42 U.S.C. § 423(d)(5)(A).

In evaluating whether a claimant is disabled, the Commissioner must follow a five-step sequential inquiry. 20 C.F.R. §§ 404.1520, 416.920; *Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995). The burden rests on the claimant to prove: (1) she is not working; (2) she has a severe medically determinable impairment that is expected to last more than twelve months; and either

United States District Court
Northern District of California

(3) that impairment is severe enough to meet or equal an impairment listed as a priori disabling without further vocational-medical evidence; or (4) the impairment causes such functional limitations that she cannot do her past relevant work. 20 C.F.R. § 404.1520(a)(4)(i)-(iv). If the claimant successfully proves she cannot do her past work, then the burden shifts to the Commissioner to show at step five that the claimant can perform other work that exists in significant numbers in the economy; otherwise, the claimant will be found disabled. *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009); *see* 20 C.F.R. § 404.1520(a)(4)(v). Moreover, if the claimant's impairment does not meet or equal a listed impairment under step three, the ALJ must determine the claimant's RFC and apply it during steps four and five to make a final disability determination. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1034 (9th Cir. 2007) (citing 20 C.F.R. § 404.1520(a)(4), which describes the five-step process).

## IV. DISCUSSION

Martinez asks this court to vacate the ALJ's decision, enter a finding that Martinez is disabled, and remand for the immediate award of benefits. Martinez argues the ALJ erred by failing to find some of her impairments to be "severe" at step two of the disability determination analysis despite a "de minimus test" for severity and supporting evidence; discounting her testimony regarding her symptoms in improper reliance on conflicting medical evaluations and an isolated progress note from hospital providers; discounting parts of her testimony regarding the activities she can perform while relying on the controverted claim that she cares for two infants; and discounting the medical opinions favorable to the claimant with insufficient reasoning. According to Martinez, had the ALJ credited her testimony and weighed the opinion evidence properly, she would have been found disabled such that further development of the record is not necessary.

The Commissioner concedes that "further evaluation of the medical opinion evidence and [Martinez's] symptom testimony is necessary" because, "as here, the Commissioner's final decision is not supported by substantial evidence or is undermined by harmful legal error." Dkt. 23 at 2–3. However, the Commissioner argues an immediate award of benefits is improper because

the inconsistencies between Martinez's testimony and the medical evidence reflect prototypical doubt in the record warranting further proceedings.

As the parties concede, the ALJ's decision must be vacated in light of the ALJ's improper handling of the claimant's testimony and medical evidence. Remand for further administrative proceedings is necessary to resolve the outstanding issues in the record.

**A. ALJ Error**

**1. Improper Rejection of Claimant Testimony**

"An ALJ engages in a two-step analysis to determine whether a claimant's testimony regarding subjective pain or symptoms is credible." *Garrison*, 759 F.3d at 1014. At the first step, "the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.' " *Lingenfelter*, 504 F.3d at 1036 (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991) (en banc)). The claimant " 'need only show that [her impairment] could reasonably have caused some degree of the symptom.' " *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009) (quoting *Smolen v. Chater*, 80 F.3d 1273, 1282 (9th Cir. 1996)). "[O]bjective medical evidence of the pain or fatigue itself, or the severity thereof" is not required. *Smolen*, 80 F.3d at 1282.

If the claimant satisfies this first step and there is no evidence of malingering, the ALJ must provide "specific, clear and convincing" reasons for rejecting the claimant's testimony. *Vasquez*, 572 F.3d at 591. *See also Hahn v. Kijakazi*, 725 F. Supp. 3d 994, 1014 (N.D. Cal. 2024). "This is not an easy requirement to meet: 'The clear and convincing standard is the most demanding required in Social Security cases.' " *Garrison*, 759 F.3d at 1015 (9th Cir. 2014) (quoting *Moore v. Comm'r of Soc. Sec. Admin.,* 278 F.3d 920, 924 (9th Cir.2002)). The ALJ "must either accept claimant's testimony or make *specific* findings rejecting it," including "stat[ing] which [symptom] testimony is not credible" based on "what evidence." *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993) (emphasis added). *See also Ortiz v. Bisignano*, 2025 WL 4947035, *9–11 (9th Cir. June 24, 2026) (ALJ erred in discrediting parts of claimant's testimony without

"specifically mention[ing] or discredit[ing] [supporting] testimony" and by failing to include record citations that support the ALJ's conclusions for each symptom"). Yet, so long as it is specifically-identified, "[c]ontradiction with the medical record *is a sufficient basis* for rejecting the claimant's subjective testimony." *Carmickle v. Comm'r, Soc. Sec. Admin*., 533 F.3d 1155, 1161 (9th Cir. 2008) (citing *Johnson v. Shalala*, 60 F.3d 1428, 1434 (9th Cir.1995)); *Ortiz*, 2025 WL 4947035, *9)).

Here, Martinez testified as to her inability to carry her child and groceries; inability to move around, walk, sit or stand for long due to pain; and problems with concentration, memory, low energy, sleep, irritability, and panic attacks, (AR 24, 408), and the ALJ found that "[Martinez's] medically determinable impairments could reasonably be expected to cause some of the alleged symptoms" (AR 408, 25). In other words, Martinez met her burden under the first step of the two-step analysis. *See Lingenfelter*, 504 F.3d at 1035-36 (explaining that claimant must present objective medical evidence of an underlying impairment "which could reasonably be expected to produce the pain or other symptoms alleged").

However, at step two, the ALJ rejected Martinez's testimony because it was "not entirely consistent with the medical evidence and other evidence in the record" (AR 25, 27-28). Physical impairment testimony was inconsistent with "physical examinations throughout the progress notes, which were generally normal," and mental impairment testimony was considered inconsistent with mental "improvement with medication (when compliant), no therapy, and predominantly normal mental status findings." *Id.* This does not provide sufficiently "specific, clear and convincing" reasons for discrediting Martinez's testimony. *See Vasquez*, 572 F.3d at 591. The ALJ must "state which [symptom] testimony is not credible" based on "what evidence." *Dodtrill*, 12 F.3d at 918. *See also Ortiz*, 2025 WL 4947035, at *9 (Improper rejection of some symptom testimony warranted remand despite the ALJ properly rejecting claimant testimony as to other symptoms).

**2. Insufficient Explanation of Weight Given Medical Opinions**

"[T]he ALJ must… articulate how they considered the medical opinions and how

persuasive they find all of the medical opinions." *Hahn*, 725 F. Supp. 3d at 1011 (cleaned up). Rejection of an examining or treating doctor's opinion as unsupported or inconsistent requires substantial evidentiary support. *Id.* (citing *Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022)). When an ALJ finds that a medical opinion is not supported by the claimant's reported activities (e.g., limitations on maintaining a schedule may be inconsistent with maintaining a regular job), the ALJ must explain "what these activities require of [the claimant] on a daily and weekly basis and how his performance of them demonstrates his fitness to work[.]" *Ortiz*, 2025 WL 4947035 at *8.

The ALJ found the medical opinions of Dr. Kirsh and Dr. Wiebe to be unpersuasive because they were conducted via telephone and were inconsistent with the underlying treatment record, "which shows few mental health complaints and no therapy" (AR 27). However, telephone visits are not uncommon following COVID-19. Moreover, the record cites relied on by the ALJ for the purported inconsistency do not provide substantial support. Exhibit 9F/43 includes an isolated note that patient's depression is well-controlled by Zoloft, but the visit was a fetal health visit, and the note was taken by a physician which only "[b]riefly was given sign out for patient by outgoing provider" when Martinez sought to leave against medical advice (AR 871); Exhibit 9F/17 includes an isolated note about mental status findings, but it was part of a hospital admission for induction of labor not a psychology evaluation (AR 836); Exhibit 9F/108 reflects a neurology visit (AR 936); Exhibit 10F/41 is from a prenatal wellness center visit (AR 993); Exhibit 12F/356, 385, 431, 461 are emergency department visit notes with brief notes on mental status such as "alert," "oriented," "mood normal," "behavior normal," "anxious," and "tearful," and yet the visits were all for non-psych related complaints, i.e., vaginal bleeding, fever, lower abdominal pain, and ear pain, except for Exhibit 12F/673 which reflects an ED visit for anxiety and includes notes that Martinez was "anxious" and "tearful" as well as a psychology referral (AR 1390, 1419, 1462, 1491, 1526, 1649, 1679). In short, the ALJ erred by rejecting the examining psychologists' evaluations without substantial evidence that they are unsupported or inconsistent. *See Ortiz*, 2025 WL 4947035, at *7–8 (finding insufficient support to discount medical opinions

where the "record citations [were] only snapshots of [claimant], generally in the context of routine observations and outside of mental health treatment" and finding the ALJ "repeated another error…[when] relying on isolated recordings of normal behavior to contradict mental health diagnoses…that are inherently episodic").

The ALJ here also erred when it found inconsistency between Dr. Kirsh's opinion and Martinez's reported activities by relying on non-examining opinions and without more specific explanation (AR 27). The ALJ must make " 'specific findings' about what [the reported] activities require of [the claimant] on a daily and weekly basis and how his performance of them demonstrates his fitness to work full days and weeks, on time, with appropriate workplace behavior." *See Ortiz*, 2025 WL 4947035 at *8.

**B. Remand for Further Proceedings**

Remand for further proceedings is appropriate here. Remand for an immediate award of benefits as Martinez requests is permissible only when the record has been developed fully and "(1) the ALJ failed to provide legally sufficient reasons for rejecting the evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited." *Benecke*, 379 F.3d at 593. This is known as the credit-as-true rule. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1100 (9th Cir. 2014). If the three credit-as-true criteria are met, the reviewing court may, but is not required, to remand with immediate award of benefits. *Id.* at 1100–01.

The first prong is satisfied. For the reasons stated above, "the ALJ has failed to provide legally sufficient reasons for rejecting . . . claimant testimony." *Id.* at 1103.

Turning to the second prong, the test for an outstanding issue is "whether the record as a whole is free from conflicts, ambiguities, or gaps, whether all factual issues have been resolved, and whether the claimant's entitlement to benefits is clear under the applicable legal rules." *Id.* at 1103–04. Here, outstanding issues remain before a disability determination can be made. For example, the ALJ relied on Dr. Abraham's opinion that Martinez was not engaged in therapy, took

United States District Court
Northern District of California

no medications, and had only mild limitation in ability to follow complex instruction and maintain a consistent pace and attention for two hours (AR 26). Yet, this conflicts directly with Martinez's testimony that she attended counseling, had a Lorazepam prescription for her depression, suffered from panic attacks, PTSD, seizures, sleep problems, depression, low energy, and concentration problems and that she could not concentrate on TV shows or follow a recipe (AR 26, 63–69). These outstanding factual disputes substantially impact the extent of Martinez's impairment, i.e., whether it is mild as Dr. Abraham testified or severe as Martinez did. It is "exactly the sort of issue[] that should be remanded to the agency for further proceedings." *Treichler*, 775 F.3d at 1105 (explaining that remand for further administrative proceedings is appropriate where there are inconsistencies between claimant's testimony regarding the extent of his impairment and medical evidence on the record). The second prong of the credit-as-true test is unmet, so a remand for an immediate award of benefits is not appropriate.

## V. CONCLUSION

For the reasons set forth above, the ALJ's decision is vacated and the motion to remand is granted. The matter is remanded for further proceedings pursuant to this Order.

**IT IS SO ORDERED**.

Dated: July 16, 2026

RICHARD SEEBORG
United States District Judge